IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

**MARY KATHERINE PAYNE,**

    Plaintiff,

vs.

Case No.: _____

**LINCOLN NATIONAL LIFE
INSURANCE COMPANY,**

    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, Mary Katherine Payne (hereinafter "**Plaintiff**" or "**Ms. Payne**"), by and through her attorneys, and for her Complaint against Defendant Lincoln National Life Insurance Company (hereinafter "**Defendant**" or "**Lincoln**"), states as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this case is based on the Employee Retirement Income Security Act of 1974, as amended ("ERISA"); and in particular, without limitation, 29 U.S.C. §§ 1132(e)(1) and 1132(f). Among other things, those provisions give District Courts the right to hear civil actions brought to recover benefits and clarify rights under the terms of employee welfare benefit plans; here, this consists of Walmart Inc.'s Long Term Disability Plan and corresponding insurance policy (**Policy No.: GD/GF3-850-290765-01**) (hereinafter the "**Plan**" and the "**Policy,**" respectively); which was (and is) underwritten, administered, and/or managed by Lincoln for the benefit of certain employees of Walmart Inc. (hereinafter "**Walmart**"). In addition, this action may be brought in this Court pursuant to 28 U.S.C. § 1331, which gives District Courts jurisdiction over actions that arise under the laws of the United States ("federal question jurisdiction").

2. The ERISA statute provides, at 29 U.S.C. § 1133, a mechanism for administrative or internal appeal of benefit denials. These avenues of appeal, *i.e.*, administrative remedies, have now been exhausted by or on behalf of Plaintiff. *See*, **Lincoln Claim No.: 13229192.**

3. Venue is proper in the Eastern District of Tennessee, pursuant to 29 U.S.C. § 1132(e)(2) and/or 28 U.S.C. § 1391.

## RELEVANT PARTIES

4. Ms. Payne lives in Chattanooga, Tennessee, and a substantial part of the events, transactions, and occurrences material to her claim for disability took place within the Eastern District of Tennessee.

5. At all times relevant hereto, Ms. Payne was an "employee" of Walmart, that being her "employer"; as those two terms are defined in 29 U.S.C. §§ 1002(5) and (6). However, due to her established disability, she last worked at Walmart on or about February 17, 2022.

6. At all times relevant hereto, Walmart was the Plan Sponsor and Plan Administrator for the Plan; it was also "plan sponsor," "administrator," and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21).

7. At all times relevant hereto, Defendant was the underwriter, provider of benefits, plan administrator, claims administrator, claims-review fiduciary, and/or claims fiduciary for the Plan; alternatively, or in addition, Defendant was an "administrator" and/or a "fiduciary" for the Plan, as those terms are defined by 29 U.S.C. §§ 1002(16) and (21). Here, it is apparent on the face of the record that Defendant was/is both ultimate decision-maker (claims administrator, claims-review fiduciary, claims fiduciary) and payer/funding source of any benefits, and thus it is alleged that Defendant has a financial conflict of interest/bias that may impact the standard of review used

by the Court.

8. At the times relevant hereto, Defendant Lincoln acted as agent for the Plan and for Plan Sponsor/Plan Administrator/Policyholder Walmart.

9. Under the Plan, Walmart delegated or assigned to Defendant Lincoln the claims-fiduciary and claims-administrator duties for the Plan and under the Policy; *i.e.*, decision-making on claims for benefits, decision-making on appeals of denied claims; plus (upon information and belief) other administrative powers and duties for or under the Plan and the Policy.

10. At all times relevant hereto, the Plan constituted an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1); as an incident to her employment, Plaintiff was eligible and covered under the Plan and thus qualifies as a "participant" as defined by 29 U.S.C. § 1002(7).

11. At all times relevant hereto, the Plan/Policy provided generally for payment of disability benefits if Plaintiff became disabled and unable to work because of injury, illness, sickness, and/or other covered medical condition as set forth under the Plan/Policy.

12. The Plan/Policy provides the test for when an insured is disabled: "(i). that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; (ii). thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation."

**STATEMENT OF FACTS**

13. Plaintiff realleges and reavers paragraphs 1 through 12 of the Complaint, incorporating them by reference herein as if specifically restated.

14. Ms. Payne is currently 50 years old, and her date of birth is in June of 1972.

3

15. Ms. Payne worked for Walmart as a Store Project Coach.

16. Owing to her established medical disability, as stated, Ms. Payne's last day of work was on or about February 17, 2022.

17. The medical conditions that form the basis for Plaintiff's disability include, without limitation, the following: postprocedural hypothyroidism, type 2 diabetes, long-haul COVID, muscle pain, weakness, and hypertension.

18. After she could no longer perform her work for Walmart, and based on her employment there, Ms. Payne was eligible and applied for short-term disability ("STD") benefits through Lincoln. STD benefits were awarded from approximately March 19, 2022 through September 7, 2022.

19. After that, her medical condition not having improved, Ms. Payne was eligible and applied for LTD benefits, again through Lincoln. Lincoln, however, denied her claim for LTD benefits entirely.

20. Lincoln notified Ms. Payne that it was denying her claim for benefits via letter dated November 7, 2022.

21. Despite due appeal(s) by or on behalf of Plaintiff, Lincoln has continued to deny LTD benefits. The final denial letter was dated March 20, 2023.

22. Any and all applicable insurance-policy premiums required for LTD coverage under the Plan/Policy have been fully paid or otherwise satisfied.

23. Plaintiff has filed or caused to be filed any/all notice(s) and/or proof(s) of claim or loss that were condition(s) precedent to recovering benefits under the Plan/Policy for the losses claimed herein.

24. At all times relevant hereto, *i.e.,* at all times for which monetary or other relief is sought, Plaintiff was "Disabled" or suffering from "Disability" as those terms are defined under the Plan/Policy; such that certain policy benefits are now due and overdue to be paid. That is, her claim was and has continued to be amply supported by her treating medical providers, who have confirmed her continuing inability to work.

25. Upon information and belief, given that Walmart is (was) headquartered in Bentonville, Arkansas, the Policy was issued and delivered in the State of Arkansas. Further, on its face, the Policy states: "Governing Jurisdiction is Arkansas and subject to the laws of that State." Thus, under Arkansas law,[1] use of a discretionary clause or similar discretionary language in the Policy is prohibited or void, such that this claim is subject to the *de novo* standard of review.[2]

26. Under any ERISA standard of review that may apply, the position taken by Lincoln in denying this claim, viewed against the entire Administrative Record as properly constituted, cannot withstand judicial scrutiny. The review, analysis, and decision by Lincoln were wrong, as well as arbitrary and capricious, under the circumstances presented.

27. Further, Lincoln's denial of benefits here must be reversed to the extent that Plaintiff was not afforded a reasonable opportunity for a full and fair review. *See*, 29 U.S.C. § 1133(2); 29 C.F.R. § 2560.503-1.

28. Plaintiff is entitled to past due LTD benefits, as well as any other companion benefits that were provided under the Plan/Policy during the pertinent time frame. Further, she is entitled to all future LTD benefits and companion benefits provided by the Plan/Policy, provided that she otherwise continues to meet all applicable terms and conditions of same. This specifically

---

[1] *See*, 054-00-12 Ark. Code R. § 3 – Rule 101.

[2] Beyond application of Arkansas law as cited above, Plaintiff respectfully reserves all points and arguments regarding the standard of review herein, pursuant to *Firestone v. Bruch*, 489 U.S. 101 (1989), and its progeny.

5

includes, without limitation, benefits once the Plan/Policy definition of Disabled/Disability changes to an "**Any Occupation**" definition (due to occur, without more, in September, 2024).

29. Based on the facts summarized above and further proof that can be gleaned from the record (Administrative Record), if not adduced through any discovery, Plaintiff has suffered a loss of monies, if not other/additional damages; thus, she alleges the causes of action set forth below.

## CAUSES OF ACTION

### *COUNT I – ERISA/Statutory Claims*

30. Plaintiff realleges and reavers paragraphs 1 through 29 of the Complaint, incorporating them by reference herein as if specifically restated.

31. Based on the facts summarized above, Plaintiff makes claim under ERISA for the reinstatement/award of all LTD and related benefits due; past, present and future; pursuant to the Plan/Policy at issue. That is, this is an action by a plan participant seeking recovery of benefits, and clarification/declaration of benefits, brought pursuant to 29 U.S.C. §§ 1001, *et seq.*, in particular 29 U.S.C. § 1132(a); as well as all pertinent implementing regulations and the federal common law developed in the context of ERISA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff any and all LTD benefits to which she

was entitled but is still owed; or, alternatively, a dollar amount equal to the contractual amount of benefits to which Plaintiff was entitled but never paid; or, alternatively, assess concomitant surcharge(s) under principles of equity;[3] each together with interest; and all as recoverable pursuant to the contractual terms of the Plan/Policy at issue, under ERISA law, and subject to the proof;

      B.     That the Court enter judgment in Plaintiff's favor and against the Defendant; declaring, determining, clarifying and ordering under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that Defendant or its designee pay to Plaintiff all LTD benefits to which she is or will be entitled in the future pursuant to the contractual terms of the Plan/Policy at issue; subject to the proof and policy application procedures, as required; and so long as she otherwise continues to meet all applicable terms and conditions of the Plan/Policy; this specifically includes, without limitation, benefits once the Plan/Policy definition of Disabled/Disability changes to the "Any Occupation" definition;

      C.     That the Court award to Plaintiff her attorney's fees and costs of action pursuant to ERISA. *See*, 29 U.S.C. § 1132(g);

      D.     That the Plaintiff recover any and all other, different or additional damages, expenses, costs and relief (legal, equitable, declaratory or remedial) to which she may be entitled by virtue of the facts and cause(s) of action alleged above, consistent with the ERISA statute and regulations, the federal common law developed in the context of ERISA, and the interests of equity and justice; including without limitation any applicable or accrued cost-of-living adjustments ("COLAs"); any provision for waiver of, continuation of payment of, or reimbursement of,

---

[3] *See, CIGNA Corp. v. Amara*, 563 U.S. 421, 440-445 (2011).

premiums on health and dental insurance; any provision for waiver of, continuation of payment of, or reimbursement of, premiums on life insurance (life waiver of premium); and any provision for continued payments/contributions to employer-sponsored pension or retirement plan(s) (if and as any/all of those items may be provided under the Plan/Policy in force); plus pre-judgment interest[4] and post-judgment interest[5] on all amounts awarded or to be awarded;

E. That the Court order under ERISA (via 28 U.S.C. §§ 2201, 2202 and Fed. R. Civ. P. 57, via injunction pursuant to Fed. R. Civ. P. 65, via specific performance, or otherwise) that the Defendant or its designee render and provide a full and accurate accounting of all dollar figures and computations for Plaintiff's LTD benefits to be paid; in sufficient detail so that Plaintiff may ascertain that her benefits are paid in the proper amounts; and to include any putative offset amounts that might reduce the amount of benefits otherwise paid;

F. That Plaintiff be awarded such additional or other relief as may be appropriate and just; and

G. Plaintiff reserves the right, if appropriate, pursuant to Fed. R. Civ. P. 15 or otherwise to amend/supplement this lawsuit and the Prayer for Relief based on additional fact/circumstances not now reasonably apparent, or to be revealed in discovery conducted herein; and/or based on relevant evidence from Plaintiff's companion claim for SSDI benefits (*upon information and belief pending at this time); and/or to add any party-defendant(s) necessary to afford complete relief to Plaintiff.

Dated this 10th day of April, 2023.

---

[4] *See, Curtis v. Hartford Life & Accident Ins. Co.*, 64 F. Supp. 3d 1198, 1224 (N.D. Ill. 2014) (presumption in favor of prejudgment interest is specifically applicable in ERISA cases).

[5] *See*, 28 U.S.C. § 1961.

**CODY ALLISON & ASSOCIATES, PLLC**

/s/ *Andrew M. Hickman*
K. Cody Allison, BPR No. 020623
Samuel D. Payne, BPR No. 019211
Andrew M. Hickman, BPR No. 037331
Cavalier Building
95 White Bridge Road, Ste. #250
Nashville, TN 37205
Telephone: (615) 234-6000
Fax: (615) 727-0175
cody@codyallison.com
sam@codyallison.com
drew@codyallison.com